IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 7:08-CR-57-BO-3
No. 7:12-CV-229-BO

| | |
|---|---|
| MICHAEL CARL STEVENSON,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)  O R D E R<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 214]. In his motion, petitioner alleges several grounds for relief, including an improper sentencing guideline calculation, prosecutorial misconduct, and ineffective assistance of counsel. The government has moved to dismiss Mr. Stevenson's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 220]. For the reasons discussed herein, the government's motion is GRANTED and the petitioner's motion is DISMISSED.

## BACKGROUND

Petitioner was charged in count one of a five-count grand jury indictment with conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. [DE 1]. Stevenson's two co-defendants pleaded guilty to the charges against them, but petitioner pleaded not guilty and proceeded to trial. On May 7, 2009, the grand jury issued a superseding indictment that charged petitioner with conspiring with intent to distribute and to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 [DE 78]. Counts two and three of the superseding indictment charged Stevenson with corruptly

persuading and attempting to corruptly persuade the testimony of his former co-defendants, in violation of 18 U.S.C. § 1512(b).

Stevenson was tried, found guilty of count one, and acquitted of counts two and three. On February 4, 2010, Stevenson moved the Court for a new trial based on what he alleged was newly discovered evidence. The Court denied that motion and sentenced the petitioner on March 18, 2010. [DE 177]. Stevenson was sentenced to a term of imprisonment of 121 months, five years of supervised release, and was ordered to pay a special assessment. Subsequently, Stevenson appealed.

Stevenson's appellate counsel appealed the sufficiency of evidence introduced at trial. In addition to the brief filed by appellate counsel, Stevenson filed a *pro se* brief that asserted the following grounds for appeal: (1) insufficient evidence to support his conviction; (2) the government's evidence varied from the offense charged in the indictment; (3) the Court incorrectly charged the jury regarding the drug weight attributable to the petitioner; (4) prosecutorial misconduct; (5) the Court erred in calculating the relevant drug amount at sentencing; (6) the Court erred in applying various adjustments and enhancements at sentencing; (7) the Court abused its discretion by sentencing Stevenson to a sentence at the top of his guideline range without indicating that it considered his trial counsel's request for a sentence at the low end of the range or explicitly stating that it considered the sentencing factors set forth in 18 U.S.C. 3553(a). The Fourth Circuit Court of Appeals affirmed Stevenson's conviction and sentence.

## DISCUSSION

Issues previously raised in a direct appeal may not be recast under "the guise of collateral attack." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). As such, petitioner

may not use a § 2255 proceeding to re-litigate those issues raised by counsel and by his *pro se* brief during the course of his appeal. Save his ineffective assistance of counsel claim, petitioner previously raised the claims set forth in the instant § 2255 motion in his direct appeal. Those claims previously raised may not be re-litigated here and must be dismissed. To the extent the petitioner argues that the issues raised by his § 2255 motion differ from those issues raised on direct appeal, those claims must nevertheless be dismissed for the reasons discussed below.

I. PETITIONER'S ALLEGATION THAT COUNSEL WAS INEFFECTIVE IN CHALLENGING THE COURT'S JURY INSTRUCTIONS, WHICH PETITIONER ALLEGES DIFFERED SIGNIFICANTLY FROM THE INDICTMENT, IS WITHOUT MERIT.

Ground one of the petitioner's § 2255 motion alleges that defense counsel was ineffective because he failed to properly raise a challenge to the Court's instructions on determining attributable drug amounts on direct appeal despite the petitioner's request that he do so. The Fourth Circuit has found that the appropriate standard to apply in ineffective assistance of counsel claims is the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005).

The standard set forth in *Strickland* requires the petitioner to show: (1) that his counsel's efforts fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result would have been different. 466 U.S. at 687-94. Failure to satisfy either prong is fatal to the petitioner's claim. Neither prong has been satisfied by the petitioner.

First, counsel's efforts did not fall below an objectively reasonable standard. It is accepted that counsel may reject some nonfrivolous arguments in the interest of highlighting his best arguments on appeal. *Jones v. Barnes*, 463 U.S. 745, 753-54 (1983). The Supreme Court has held that counsel is not required to raise every nonfrivolous issue requested by a defendant on appeal. *Id.* Defense counsel's decision to focus on what he felt was defendant's strongest

argument for relief, and cut out those arguments he felt might dilute his case, is reasonable and does not constitute ineffective performance.

Second, defendant was not prejudiced by his counsel's failure to raise all the arguments he requested on direct appeal because defendant raised those issues himself in his *pro se* appellate brief. The Fourth Circuit noted, "We have reviewed the issues Stevenson presented in his *pro se* supplemental brief and conclude that none of the issues compel us to vacate his conviction or sentence." *United States v. Stevenson*, 457 Fed. Appx. 238, 240 (4th Cir. 2011) (unpublished). In the petitioner's supplemental brief he argued that the Court's jury instructions fatally varied from the indictment. Petitioner now alleges ineffective assistance of counsel because counsel did not include this argument in his appellate brief. Because the Court actually considered the issues presented by Stevenson in his appellate brief he was not prejudiced by his counsel's decision not raise them in counsel's opening appellate brief. As such, Stevenson has neither shown a lack of objective reasonableness in his counsel's performance nor established that he suffered any prejudice as a result of his counsel's actions on this matter. Therefore, Stevenson's claim must be dismissed for failure to state a claim upon which relief might be granted.

## II. A § 2255 MOTION IS NOT THE PROPER VEHICLE TO ASSERT A CHALLENGE TO A SENTENCING GUIDELINE CALCULATION.

The Fourth Circuit has held that, "barring extraordinary circumstances," errors in the application of the Sentencing Guidelines may not be raised in a § 2255 proceeding. *United States v. Pregent*, 190 F.3d 279, 283-84 (4th 1999). A sentence exceeding the maximum sentence allowed by statute is considered an extraordinary circumstance, but a technical misapplication of the Sentencing Guidelines is not. *Id.*

Here, petitioner's sentence did not exceed any statutory maximum and no other extraordinary circumstances exist. As such, petitioner's allegation that the Court erred in applying the Sentencing Guidelines is not a proper claim under § 2255. As such, petitioner's claim must be dismissed.

### III. PETITIONER'S ALLEGATIONS OF PROSECUTORIAL MISCONDUCT ARE PROCEDURALLY BARRED.

In order to prevail on a claim for prosecutorial misconduct, a petitioner must show that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). However, because appeal is the "usual and customary method of correcting errors," a collateral attack under § 2255 provides a far more limited opportunity for relief than a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. One exception to the bar arising from procedural default is the cause and actual prejudice test. *See Frady*, 456 U.S. at 167. Under this test, the petitioner must show some cause for his failure to raise the challenge at the appropriate time and must show that actual prejudice resulted. Failure to establish either prong of this test is fatal to the petitioner's challenge to the procedural bar.

Here, to the extent petitioner's allegations of prosecutorial misconduct differ from those already raised on direct appeal, petitioner is barred from alleging such misconduct. Petitioner has failed to demonstrate any cause for his procedural default. It is not necessary to reach the actual prejudice issue relating to petitioner's instant allegations of prosecutorial misconduct. Petitioner's claims of prosecutorial misconduct are barred by procedural default and must be dismissed.

## IV. PETITIONER'S ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARE WITHOUT MERIT.

In addition to petitioner's claim that defense counsel was ineffective due to his failure to properly challenge the Court's jury instructions, petitioner alleges that defense counsel's strategic decisions amounted to ineffective assistance. As set forth above, petitioner's claims of ineffective assistance of counsel are held to the standard set forth by the Supreme Court in *Strickland v. Washington*. In *Strickland*, the Supreme Court noted that courts considering a claim of ineffective assistance of counsel should not second-guess strategic decisions of counsel. 466 U.S. at 689-90. Further, it is "well-established that in a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant." *United States v. Chapman*, 593 F.3d 365, 367 (4th Cir. 2010).

Here, the petitioner complains that defense counsel was ineffective because defense counsel: (1) shared evidence with the government; (2) failed to call certain witnesses; (3) failed to move to exclude certain evidence; (4) failed to request a continuance; (5) failed to challenge statements made by the government to the jury; (6) failed to challenge the application of the Sentencing Guidelines; (7) failed to raise all issues requested by the defendant on appeal; and (8) filed a motion to withdraw due to his belief that filing a certiorari petition would be frivolous. The actions complained of by petitioner are strategic decisions within the purview of counsel's decision-making power. Counsel's failure to strictly adhere to the requests of the defendant in these matters is not a sign that counsel was acting unreasonably. In fact, counsel's actions were entirely reasonable and do not form the basis of a claim for ineffective assistance of counsel. As such, petitioner's claim for ineffective assistance of counsel must be dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that these issues should not proceed further. As such, the Court DENIES the petitioner a certificate of appealability.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss is GRANTED. The petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ___ day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE